**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-26936-RAR**

**DANY NOA BENTANCOURT**,

Petitioner,

v.

**UNITED STATES DEPARTMENT**
**OF HOMELAND SECURITY**, *et al.*,

Respondents.
_________________________________/

**ORDER CLOSING CASE**

**THIS CAUSE** comes before the Court upon *sua sponte* review of the docket. On September 23, 2026,[1] Petitioner, Dany Noa Betancourt, filed a *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, [ECF No. 1], and an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion"), [ECF No. 3]. On October 2, 2026, the Court determined that Petitioner's IFP Motion was "legally insufficient." Order, [ECF No. 4] at 2. The Court granted Petitioner leave to "*either* pay the Clerk's filing fee [or] . . . file a legally sufficient" IFP Motion on or before **October 16, 2026**. *See id.* The Court warned Petitioner that his "[f]ailure to either timely pay the filing fee or file a legally sufficient IFP Motion [would] result in the dismissal of the Petition." *Id.* (cleaned up; citing FED. R. CIV. P. 41(b)).

The deadline for Petitioner to resolve the filing fee issue has long passed. Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action if a party fails to prosecute his or her

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted). "Absent evidence to the contrary, [the Court assumes] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (alteration added; citation omitted).

case or otherwise fails to comply with the court's orders. *See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." (citing FED. R. CIV. P. 41(b))). Accordingly, since Petitioner has failed to resolve the filing fee issue by the October 16, 2026 deadline, this case must be dismissed.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that this case shall be **DISMISSED** ***without prejudice*** for failure to prosecute and for failure to comply with this Court's Orders. *See* FED. R. CIV. P. 41(b). All pending motions are **DENIED as moot**. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 22nd day of October, 2026.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc: Dany Noa Betancourt, *pro se*
counsel of record